FACKLER *vs.* WORTH.

An order to deliver possession to the purchaser of mortgaged premises sold under a decree of foreclosure will be made only upon notice of the application and proof that the deed was shown to the tenant, that a demand of possession was made, and that the tenant refused to comply.

The injunction, as well as the attachment to enforce obedience to the order, is disused.

Under the present practice, the writ of assistance does not issue of course, but upon notice of the application and proof of the services of the order to deliver possession and refusal to obey.

Application on behalf of a purchaser of mortgaged premises, sold under and by virtue of a decree of foreclosure, for an order to deliver possession of the premises, in order to obtain a writ of assistance.

*Carpenter*, for petitioner.

THE CHANCELLOR.   The petitioner asks for an order upon the tenant in possession to deliver to the purchaser the possession of mortgaged premises sold under execution issued out of this court upon a decree of foreclosure. The order is asked for with the view of obtaining a writ of assistance in case the possession is not surrendered. The application is not regular.   To obtain the order, it is necessary to prove—1, notice of the application duly

served; 2, that the deed was shown to the tenant, a demand of the possession made, and a refusal to comply. *Kershaw* v. *Thompson,* 4 *Johns. C. R.* 609; *Ludlow* v. *Lansing, Hopkins* 231; *Valentine* v. *Teller, Hopkins* 422.

The order is not a matter of course. The tenant may be in possession by title paramount to that of the mortgagor or may have other good objection to the application. He is entitled to be heard before an order is made upon him to surrender possession of the premises. If he have no defence, he ought not to be subjected to the costs of the proceeding without an opportunity of being heard.

Notice of application for the writ of assistance will not obviate the necessity nor supply the want of the notice of the present motion. The immediate design of the two orders is totally distinct. The defendant is entitled to be heard in opposition to both. · By the ancient practice of the Court of Chancery, after a decree for the delivery of possession had been served, and obedience thereto refused, application was made—1st, for an attachment; 2d, for an injunction; 3d, for a writ of assistance. The two preliminary orders were made upon notice and proof. The writ of assistance issued of course and without notice, but it was always preceded by the preliminary order for injunction and proof of refusal to obey the decree.

The subject was considered in *Schenck* v. *Conover,* decided in October term, 1860; and it was then suggested that the injunction might advantageously be dispensed with in accordance with the modern practice in England and in New York. 2 *Daniels' Ch. Pr.* 1280; *Valentine* v. *Teller, Hopkins* 422.

I am satisfied that the practice in this particular should be uniform, and that the use of the injunction should be entirely discontinued. It is a useless encumbrance and expense. It is now in fact rarely used, and only serves to embarrass practitioners. The injunction and the proofs preliminary thereto being disused, the writ of injunction can issue only upon notice and proof of the service of the order to deliver possession and refusal to obey.